IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD CHARLES PICKETT, #182 000, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:17-CV-739-WHA ) [WO] |
| CORIZON HEALTH, | ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff challenges the provision of medical care provided to him at the Bibb Correctional Facility. The Bibb Correctional Facility is in Brent, Alabama, which is within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

**I. DISCUSSION**

A civil action filed by an inmate under the authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action

---

[1] Plaintiff's complaint is accompanied by a request for leave to proceed *in forma pauperis*. Although Plaintiff failed to sign his request for *pauper* status (*see* Rule 11(a), *Federal Rules of Civil Procedure*) the omission of the signature requirement for pleadings filed in federal court and the assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

The actions forming the basis of Plaintiff's complaint either occurred or are occurring at the Bibb Correctional Facility within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, a majority of the material witnesses and evidence relevant to Plaintiff's allegations are located in the Northern District of Alabama. Additionally, Defendant Corizon Health is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. For these reasons, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1404.

It is further ORDERED that **on or before November 17, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the

Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 3rd day of November, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE